AO 245B (CASD) (Rev. 4/14)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | (For Offenses Committed On or After November 1, 1987) |
| Atef Afkarian  -2 | Case Number: 13-cr-01469-JAH-DMS-2 |
| | David I Courcelle |
| | Defendant's Attorney |

**REGISTRATION NO.** 38770298

☐

THE DEFENDANT:
☒ pleaded guilty to count(s) One of the Superseding Information.

☐ was found guilty on count(s)_____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 18:371 | Conspiracy to Commit Mail Fraud and Wire Fraud | 1 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
☐ The defendant has been found not guilty on count(s)
☒ Count(s)      remaining                          is ☐  are ☒  dismissed on the motion of the United States.
☒ Assessment: $100.00.

☒ No fine          ☒ Forfeiture pursuant to order filed   July 31, 2014   , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

March 21, 2016
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

13-cr-01469-JAH-DMS-2

AO 245B (CASD) (Rev. 4/14)   Judgment in a Criminal Case
      Sheet 2 — Imprisonment

Judgment — Page   2   of   5  

DEFENDANT: Atef Afkarian -2
CASE NUMBER: **13-cr-01469-JAH-DMS-2**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Thirteen months and one day.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:

    The Court recommends custody be served at Saufley Field, Pensacola, Florida

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m.   on _____ .

    as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☒ before May 2, 2016 @ 2:00 PM.

    ☒ as notified by the United States Marshal.

    ☒ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
        DEPUTY UNITED STATES MARSHAL

**13-cr-01469-JAH-DMS-2**

AO 245B (CASD)  (Rev. 4/14)  Judgment in a Criminal Case
    Sheet 3 — Supervised Release

| Judgment—Page | 3 | of | 5 |

DEFENDANT: Atef Afkarian -2
CASE NUMBER: **13-cr-01469-JAH-DMS-2**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Three years.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than ___4___ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒   The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13-cr-01469-JAH-DMS-2

AO    (Rev. 9/00) Judgment in a Criminal Case Sheet 3          Judgment—Page 4  of  5
— Continued 2 — Supervised Release

Defendant: Atef Afkarian

CASE NUMBER: 13-cr-01469-JAH-DMS-2

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall submit your person, property, house, residence, vehicle, papers, computers as defined in 18 USC 1030(e)91), other electronic communications or data storage devices or media, or office, to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this conditions.

2. Not engage in the employment or profession of real estate salesperson, or any employment, profession or volunteer work that requires the defendant to act in a fiduciary capacity.

3. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

4. Provide complete disclosure of personal and business financial records to the probation officer as requested.

5. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

6. Notify the Collections Unit, United States Attorney's Office, and the Probation Department, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation until the fine or restitution is paid in full.

7. Notify the Collections Unit, United States Attorney's Office, and the Probation Departmentbefore transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.

8. Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

AO 245S    Judgment in Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___5___ of ___5___

DEFENDANT: Atef Afkarian -2
CASE NUMBER: 13-cr-01469-JAH-DMS-2

## RESTITUTION

The defendant shall pay restitution in the amount of _____ $5,584.911 _____ unto the United States of America.

This sum shall be paid ____ immediately.
                        _x_  as follows:

Defendant shall pay restitution in full or at the rate of $250.00 per month, subject to increase or decrease on changed circumstances. The Clerk is directed to disburse funds collected from Defendant to the following victims:

Fidelity National Title Group:                      $4,390,014
Fidelity National Title Group
c/o Aaron J. Bryan, Fraud Review Counsel
601 Riverside Avenue
Building Five, Fourth Floor
Jacksonville, FL 32204

to Stewart Title Guarantee Company:                 $1,194,897
Fidelity National Title Group
c/o Adam Stricker, Regional Salvage Counsel
55 Madison Street, 4th Floor
Denver, CO 80206

Defendant shall be jointly and severally liable to pay restitution with co-defendants/co-conspirators for the same losses. The presently known co-defendants/co-conspirators are:

Adel Afkarian, 13CR1469-JAH
Atef Afkarian, 13CR1469-JAH
Mehran Abazary, 15CR3073-JAH

The Court has determined that the defendant  does not  have the ability to pay interest.  It is ordered that:

 **x**    The interest requirement is waived.

____     The interest is modified as follows:

1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                          SOUTHERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,               Case No. 13cr1469-JAH-DMS

11                    Plaintiff,             FIRST AMENDED ORDER OF
                                             CRIMINAL FORFEITURE
12          v.

13   ADEL AFKARIAN (1),
     ATEF AFKARIAN (2),
14
                     Defendants.
15

16          On October 21, 2013, the Honorable John A. Houston entered a Preliminary

17   Order of Criminal Forfeiture, which condemned and forfeited to the United States all

18   right, title and interest of ADEL AFKARIAN (1) and ATEF AFKARIAN (2) in the

19   properties listed in the Forfeiture Allegations of the Indictment and Bill of

20   Particulars, namely,

21          a)    Real property identified as 6964 Santa Fe Canyon Place,
                  San Diego, California 92129 (further identified as APN
22                306-321-48-00); and

23          b)    $388,062.18 in United States currency in lieu of HSBC,
                  USA, NA official bank check 500292916 in the amount
24                of $20,000.02, and HSBC, USA, NA official bank check
                  500292917 in the  amount of $368,062.16,  both made
25                payable to I. A.

26          For thirty (30) consecutive days ending on November 21, 2013, the

27   United States published on its forfeiture website, www.forfeiture.gov, notice of the

28   Court's Order and the United States' intent to dispose of the properties in such

1  manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n) and

2  Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset

3  Forfeiture Actions, and further notifying all third parties of their right to petition the

4  Court within thirty (30) days of the final publication for a hearing to adjudicate the

5  validity of their alleged legal interest in the properties.

6       On November 6, 2013, Notice of Order of Forfeiture was sent by certified mail

7  as follows:

| Name and Address | Article No. | Result |
|---|---|---|
| Iraj G. Afkarian<br>c/o Löan Shillinger<br>Attorney at Law<br>533 F Street, Suite 200<br>San Diego CA 92101 | 7012 1640 0000 6118 9310 | Signed for as<br>received 11/7/13 |
| Mary Hajianfard<br>2921 Rancho Rio Chico<br>Carlsbad CA 92009 | 7012 1640 0000 6118 9327 | Signed for as<br>received 11/8/13 |
| Brittany Afkarian<br>2065 Lakeshore Blvd. S.<br>Slidell LA 70461 | 7012 1640 0000 6118 9334 | Signed for as<br>received 11/7/13 |
| Fletcher Hills Town & Country<br>c/o Jennifer I. Freeman<br>Attorney at Law<br>4225 Executive Square, Suite 380<br>La Jolla CA 92037 | 7012 1640 0000 6118 9341 | Signed for as<br>received 11/8/13<br>. |
| San Diego Co. Treasurer-Tax<br>Collector, San Diego Co.<br>Administration Center<br>1600 Pacific Highway, Room 162<br>San Diego CA 92101-2474 | 7012 1640 0000 6118 9358 | Signed for as<br>received 11/7/13 |
| Torrey Santa Fe<br>Homeowners Assn.<br>c/o The Prescott Companies<br>5966 La Place Court, Suite 170<br>Carlsbad CA 92008 | 7012 1640 0000 6118 9365 | Signed for as<br>received 11/7/13 |

25       On November 20, 2013, Babak Mottale and Michael Mottale filed a Petition

26  and Request for Ancillary Proceeding in this case.  On December 5, 2013, Fletcher

27  Hills Town & Country filed a Petition for Hearing.  On December 7, 2013, Iraj

28  Afkarian filed a Petition and Request for Ancillary Proceeding.  On December 20,

1   2013, Paul Hashemi, Noorjahan Hashemi and William Simon filed a Petition and

2   Request for Ancillary Proceeding.

3        On February 14, 2014, the United States filed its Motions to Dismiss and

4   Consolidated Response in Opposition to Petitioners' Requests for Ancillary

5   Proceeding.

6        On March 17, 2014, Notice of Order of Forfeiture was sent by certified mail as

7   follows:

| Name and Address | Article No. | Result |
|---|---|---|
| Laurie M. Selkowitz, Esq.<br>Wargo & French, LLP<br>1888 Century Park East, Ste. 1520<br>Los Angeles CA 90067 | 7013 1090 0001 1253 0887 | Signed for as<br>received 3/19/14 |
| David G. Molinari, Esq.<br>Gilbert Kelly Law Firm<br>600 West Broadway, Suite 1530<br>San Diego CA 92101 | 7013 1090 0001 1253 0894 | Signed for as<br>received 3/18/14 |
| Jonathan Zak, Esq.<br>Wright, Finlay, and Zak<br>4665 MacArthur Court #280<br>Newport Beach CA 92660 | 7013 1090 0001 1253 0917 | Signed for as<br>received 3/19/14 |
| David M. Parker, Esq.<br>Andersen Hilbert Parker LLP<br>1230 Columbia Street, Suite 1050<br>San Diego CA 92101 | 7013 1090 0001 1253 0900 | Signed for as<br>received 3/19/14 |
| Jamie Sternberg, Esq.<br>Kimball, Tirey & St. John LLP<br>7676 Hazard Center Dr., Suite 900<br>San Diego CA 92108 | 7013 1090 0001 1253 0924 | Signed for as<br>received 3/19/14 |

22       On April 16, 2014, Fidelity National Title Group and Chicago Title Insurance

23  Company filed a petition requesting ancillary proceedings, and on April 25, 2014,

24  Paras Shah and Sapany Shah filed a petition for remission.

25       On July 21, 2014, this Court entered an Order Providing Tentative Rulings in

26  this case.  Pursuant to the Order, the Court indicated that it intended to deny the

27  petitions of the following persons and entities:

28  //

1    Babak Mottale and Michael Mottale
     Fletcher Hills Town & Country
2    Iraj Afkarian
     Paras Shah and Sapany Shah
3

4    Also pursuant to the Order, the Court indicated its intent to <u>grant</u> the petitions of the

5    following:

6         Paul Hashemi and Noorjahan Hashemi as to the forfeited checks
          only (item b above)
7         Fidelity, also as to the forfeited checks only.

8         On July 25, 2014, this Court held a hearing on the remaining ancillary matters.

9    Such proceedings are still pending as to the forfeited checks with petitioners

10   Hashemi and Fidelity (collectively, "Petitioners").  As to the real property located at

11   6964 Santa Fe Canyon Place, San Diego, California 92129 ("real property"), the

12   Court requested submission of an amended order of forfeiture regarding this real

13   property.  Said real property is the subject of this First Amended Order.

14        More than thirty (30) days have passed following the final date of notice by

15   publication and notice by certified mail, and no third parties have made valid claims

16   to or declared any valid interest in the forfeited real property described above.

17        Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED

18   that, as a result of the failure of any third party to come forward or file a petition for

19   relief from forfeiture as provided by law, all right, title and interest of ADEL

20   AFKARIAN (1), ATEF AFKARIAN (2) and any and all third parties in the

21   following property are hereby condemned, forfeited and vested in the United States

22   of America:

23        a)    Real property identified as 6964 Santa Fe Canyon Place,
                San Diego, California 92129, further described as:
24
          **ASSESSORS PARCEL NO. 306-321-48-00**
25
     PARCEL 1
26
     LOT 233 OF TORREY SANTA FE UNIT 4, IN THE CITY OF
27   SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA,
     ACCORDING TO MAP THEREOF NO. 14275, FILED IN THE
28

OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY ON SEPTEMBER 20, 2001.

PARCEL 2

A NON-EXCLUSIVE EASEMENT, IN COMMON WITH OTHER OWNERS, FOR INGRESS AND EGRESS, USE AND ENJOYMENT, OVER, IN, TO, AND THROUGHOUT THE ASSOCIATION PROPERTY DESCRIBED IN THE DECLARATION, SUBJECT TO THE LIMITATIONS SET FORTH THEREIN, WHICH EASEMENT IS APPURTENANT TO THE RESIDENTIAL LOT DESCRIBED ABOVE.

IT IS FURTHER ORDERED that any and all interest of the following persons and entities are specifically terminated and forfeited to the United States of America as to the above-referenced property:

| | |
|---|---|
| Iraj Afkarian | Jonathan Zak |
| Mary Hajianfard | David M. Parker |
| Brittany Afkarian | Jamie Sternberg |
| Fletcher Hills Town & Country | Babak Mottale and Michael Mottale |
| San Diego Co. Treasurer-Tax Collector | Paras Shah and Sapany Shah |
| | Paul Hashemi and Noorjahan Hashemi |
| Torrey Santa Fe Homeowners Association | William Simon |
| | Fidelity National Title Group |
| Laurie M. Selkowitz | Chicago Title Insurance Company. |
| David G. Molinari | |

IT IS FURTHER ORDERED that costs incurred by the United States Marshals Service, the Federal Bureau of Investigation and any other governmental agencies which were incident to the seizure, custody and maintenance of the real property be the first charge against the forfeited real property.

IT IS FURTHER ORDERED that the United States Marshals Service shall have the authority to evict any and all occupants of the above-referenced real property if and when necessary.

IT IS FURTHER ORDERED that the United States Marshals Service shall dispose of the forfeited property according to law.

IT IS FURTHER ORDERED that following completion of ancillary proceedings as to the Petitioners, disposition of the following property will be the subject of (a) further Amended Order(s):

13cr1469

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

b)    $388,062.18 in United States currency in lieu of HSBC, USA, NA official bank check 500292916 in the amount of $20,000.02, and HSBC, USA, NA official bank check 500292917 in the  amount of $368,062.16,  both made payable to I. A.

DATED: July 31, 2014

DANA M. SABRAW, Judge
United States District Court

- 6 -

13cr1469